UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 13-00257-01 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| RAYMOND DARNEL CONLEY | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is an Emergency Motion for Compassionate Release filed by Defendant Raymond Darnel Conley ("Conley"). See Record Document 99. This is Conley's second motion seeking compassionate release. He seeks release due to his high blood pressure, his previous positive test for COVID-19, and due to the fear of the second wave of the virus. See id. at 4. In later filings, it appears that Conley believes his race is another basis for compassionate release. See Record Document 114 at 1. In a July 2020 Minute Entry, this Court reasoned that there had been a lapse of thirty days since Conley's April 24, 2020 request for compassionate release to the Warden. See Record Document 105. Thus, Conley had demonstrated exhaustion. See id. The Government was ordered to respond to Conley's motion. See id. The Government has opposed Conley's second motion. See Record Document 106. Conley has filed additional supplemental briefing.[1] See Record Documents 97, 98, 101, 103, and 114.

Conley is serving a term of imprisonment of 192 months after pleading guilty to conspiracy to possess with intent to distribute methamphetamine. See Record

---

[1] Conley's miscellaneous motion (Record Document 98) seeking an extension of time is hereby **DENIED AS MOOT**. Likewise, Conley's request for appointment of counsel (Record Document 104) is **DENIED AS MOOT**, as counsel has now enrolled on behalf of Conley. See Record Documents 108 and 109. Notwithstanding, appointment of counsel is not required in this instance under the Criminal Justice Act. See U.S. v. Whitebird, 55 F.3d 1007 (5th Cir. 1995). The Court has also reviewed the record and declines to use its discretionary power to appoint counsel in this matter.

Documents 52, 54, 72, and 74.  He was sentenced for such offense on October 23, 2014. See Record Document 72.  He is presently serving his sentence at Oakdale II FCI.  His projected release date is May 25, 2029.

In his second motion, Conley states that he has the following medical conditions which make him vulnerable to COVID-19:

> I have high blood pressure however I maintain it by working out.  I did test positive for Covid 19.  The second wave have yet to come.

Record Document 99 at 4.  Conley further asserts that "as a 45-year old black male" and "as a COVID-19 survivor," he is at risk for a number of complications that make him more vulnerable to another infection.  See Record Document 114 at 1-2.  He seeks compassionate release, specifically a reduction in sentence to time served.  See Record Document 99 at 1.

A judgment of conviction, including a sentence of imprisonment, "constitutes a final judgment and may not be modified by a district court except in limited circumstances." Dillon v. United States, 560 U.S. 817, 824, 130 S.Ct. 2683, 2690 (2010).  Title 18, United States Code, Section 3582(c) provides that the court "may not modify a term of imprisonment once it has been imposed," except in three circumstances:

(1) upon a motion by the Bureau of Prisons or the defendant for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A);

(2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure," 18 U.S.C. § 3582(c)(1)(B); or

(3) where the defendant was sentenced based on a retroactively lowered sentencing range, 18 U.S.C. § 3582(c)(2).

Conley seeks compassionate release under Section 3582(c)(1)(A).  Under Section 3582(c)(1)(A), the court may reduce a sentence "if it finds that extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent

with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

Prior to 2018 only the Director of the BOP could file Section 3582(c)(1)(A) motions, also known as compassionate release motions. In 2018, Congress passed and President Trump signed the First Step Act, which among other actions, amended the compassionate release process. Under the First Step Act, Section 3852(c)(1)(A) now allows prisoners to directly petition courts for compassionate release. However, before filing compassionate release motions, prisoners must exhaust their administrative remedies in one of two ways:

(1) prisoners may file a motion with the court after fully exhausting all administrative rights to appeal the BOP's decision not to file a motion for compassionate release, or

(2) prisoners may file a motion with the court after requesting release and there has been "the lapse of 30 days from the receipt of such request by the warden of the defendant's facility, whichever is earlier."

18 U.S.C. § 3852(c)(1)(A). The administrative exhaustion provision of the First Step Act is set out in mandatory terms and has been characterized by the Fifth Circuit as a mandatory claim-processing rule. See U.S. v. Franco, No. 20-60473, 2020 WL 5249369 at *2 (5th Cir. Sept. 3, 2020) ("The statute's language is mandatory."). Here, there is no dispute that Conley has exhausted his administrative remedies within the BOP and the instant motion is properly before this Court.

Subject to exhaustion and the considerations of 18 U.S.C. § 3553(a), Section 3582(c)(1)(A) would permit a reduction in Conley's term of imprisonment if the Court determines that extraordinary and compelling reasons warrant a reduction. The reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Turning to the Guidelines, U.S.S.G. § 1B1.13

explains that a reduction is authorized when the court, after consideration of the factors set forth in 18 U.S.C. § 3553(a), determines that extraordinary and compelling reasons exist and the defendant is not a danger to the safety of any other person or the community, as provided in 18 U.S.C. § 3142(g). The reduction must also be consistent with the policy statements set forth in U.S.S.G. § 1B1.13. Application Note 1 of the U.S.S.G. § 1B1.13 sets forth what may constitute "extraordinary and compelling" circumstances that would permit a court to grant relief under Section 3582(c)(1)(A):

    (A)    Medical Condition of the Defendant. –

        (i)    The defendant is suffering from a terminal illness (i.e. a serious and advanced illness with an end of lift trajectory). A specific prognosis of life expectancy (i.e. a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

        (ii)    The defendant is –

            (I)    suffering from a serious physical or mental condition,

            (II)    suffering from a serious functional or cognitive impairment, or

            (III)    experiencing deteriorating physical or mental health because of the aging process,

        that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

    (B)    Age of the Defendant. – The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

    (C)    Family Circumstances. –

        (i)    The death or incapacitation of the caregiver of the defendant's minor child or children.

> (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only caregiver for the spouse of registered partner.
>
> (D) Other Reasons. – As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with the reasons described in subdivision (A) through (C).

Under the authority granted to the BOP in U.S.S.G. § 1B1.13 to further specify what it considers "extraordinary and compelling," BOP Program Statement 5050.50[2] lists similar conditions such as terminal illness, advanced age and the death of a spouse or registered partner. BOP's program statement does not depart from the manner in which "extraordinary and compelling" is otherwise defined. U.S. v. Hudec, No. 4:91-1-1, 2020 WL 4925675 (S.D.Tex. 8/19/2020) (noting that Program Statement 5050.50 provides the same bases as U.S.S.G. for a finding of "extraordinary and compelling" reasons for compassionate release).

"In general, the defendant has the burden to show circumstances meeting the test for compassionate release." U.S. v. Stowe, No. H-11-803(1), 2019 WL 4673725 at *2 (S.D. Tex. Sept. 25, 2019); see also U.S. v. Ennis, No. EP-02-CR-1430-PRM-1, 2020 WL 2513109, at *4 (W.D. Tex. May 14, 2020) ("[T]he defendant has the burden to show circumstances meeting the test for compassionate release."); U.S. v. Wright, No. 16-214-04, 2020 WL 1976828, at *6 (W.D. La. Apr. 24, 2020) (Petitioner has the "burden of showing the necessary circumstances, or a combination of circumstances, that would warrant relief under the compassionate release statute."). Here, Conley maintains that his high blood pressure, previous positive test, race, and his fears of the second wave of

---

[2] Available at https://www.bop.gov/policy/progstat/5050_050_EN.pdf.

COVID-19 necessitate compassionate release. He also references generalized back pain, pulmonary pain, aches and body pains as grounds for release.

Neither the policy statements nor the applicable BOP regulations provide any basis for compassionate release based on generalized health concerns relating to a second wave of COVID-19. See U.S. v. Koons, No. 16-214-05, 2020 WL 1940570, *5; see also U.S. v. Thompson, No. 20-40381, 2021 WL 37493, at *3 (5th Cir. Jan. 5, 2021) ("Fear of COVID doesn't automatically entitle a prisoner to release."). Conley has cited no terminal illness, but rather high blood pressure, back pain, pulmonary pain, aches, and body pains as medical conditions warranting release. See Record Document 114 at 2. Courts within the Fifth Circuit have found that hypertension does not amount to an extraordinary or compelling reason for release. See U.S. v. Takewell, No. 14-36, 2020 WL 4043060, at *5 (W.D. La. July 17, 2020); U.S. v. Guyton, No. 11-271, 2020 WL 2128579, at *3 (E.D. La. May 5, 2020); U.S. v. Alexander, No. 14-126, 2020 WL 2468773, at *5 (M.D. La. May 13, 2020); U.S. v. Roberts, Crim. Action No. 15-00135, 2020 WL 2130999, at *3 (W.D. La. May 5, 2020) (stating that the defendant's "proffered reason of hypertension fails to meet the standard for compassionate release"); U.S. v. Chambers, No. CR 18-47, 2020 WL 4260445, at *4 (E.D. La. July 24, 2020).³ Additionally, Conley has conceded that his high blood pressure is under control with exercise. Generalized complaints of back pain, pulmonary pain, aches and body pains also do not provide grounds for compassionate

---

³ See also Thompson, 2021 WL 37493, at *2 ("We acknowledge that Thompson's chronic illnesses place him at a higher risk of severe symptoms, should he contract COVID, is true for a person without these illnesses. Nonetheless, as the district court noted, it is uncertain that he is at a significantly higher risk than is the general inmate population. In fact, nearly half of the adult population in the United States suffers from hypertension. . . . Thus, we cannot say that [this condition] makes Thompson's case 'extraordinary.' Unfortunately, [it is] commonplace. And we cannot conclude that his increased risk makes [hypertension] 'terminal.'").

release, namely because Conley has not shown how such conditions substantially diminish his ability to provide self-care. Finally, Conley's race does not amount to an extraordinary or compelling reason justifying compassionate release. See U.S. v. Chambers, No. CR 18-47, 2020 WL 4260445, at *4 (E.D. La. July 24, 2020); U.S. v. Winn, No. CR H-18-691-8, 2020 WL 3077854, at *2 (S.D. Tex. June 10, 2020) (denying compassionate release of a thirty-one year-old African American man who alleged that he was at increased risk of contracting COVID-19 because of his race but who failed to provide support for his concern); U.S. v. Brown, No. CR 13-243, 2020 WL 2542899, at *3 (E.D. La. May 19, 2020) (denying compassionate release of a fifty-year-old woman who claimed she was at increased risk of contracting COVID-19 "based on her age, race, and gender" because "[e]ven if these individual characteristics were to make her more likely to contract COVID-19, these factors do not correspond to the types of extraordinary reasons this Court must consider before granting compassionate release"). Conley has not met his burden to show circumstances meeting the test for compassionate release.

Accordingly, for the foregoing reasons,

**IT IS ORDERED** that Conley's Emergency Motion for Compassionate Release (Record Document 99) be and is hereby **DENIED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 19th day of January, 2021.

S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT